# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| REGINALD JOHNSON, )<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>MARILYN E. WOOD, individually )<br>and in her official capacity as Revenue )<br>Commissioner of Mobile County )<br>and MKH. Properties, LLC, )<br>    Defendants. ) | CIVIL ACTION NO. 05-391-KD-B |

___

| | |
|---|---|
| MKH PROPERTIES, LLC. )<br>    Counterclaim Plaintiff, )<br>)<br>vs. )<br>)<br>REGINALD JOHNSON, )<br>    Counterclaim Defendant. ) | CIVIL ACTION NO. 05-391-KD-B |

**ORDER**

This matter is before the Court on Counterclaim Plaintiff MKH Properties, LLC's "Motion to Reinstate action" for the limited purpose of conducting civil and criminal contempt proceedings, to issue show cause orders and to refer the matter to the United States attorney. (Doc. 266). In the motion, MKH Properties, LLC ("MKH") asserts that counterclaim defendant Reginald Johnson ("Johnson") should be: 1) held in civil contempt for violating this Court's April 17, 2007 Memorandum Opinion and Order Granting Permanent Injunction (Doc. 211); and 2) held in criminal contempt under 18 U.S.C. § 401 for violating the Injunction and that this matter should be referred

1

to the United States Attorney for prosecution of criminal contempt charges.

As grounds, MKH sets forth the factual background of this case and specifically references the Court's April 17, 2007 Injunction, which prohibited Johnson, his agents, or anyone acting at his direction "from filing, in Mobile County Probate Court, any complaint, claim for relief, grievance, writ, petition, accusation, affidavit, charge or any other document with respect to the real property at issue in this lawsuit," referred to as Parcel B, and described more particularly as follows:

> That portion of the Southeast Quarter of the Northeast Quarter of Section 14, Township 2 South, Range 1 West, and that portion of the Southwest Quarter of the Northeast Quarter of Section 14, Township 2 South, Range 1 West, lying East of the Old John Craft Highway and the Southern Railroad, excepting therefrom approximately .56 acres now or formerly owned by Jewel E. Gunter and 5 acres in the Southeast corner of the Southeast Quarter of the Northeast Quarter now or formerly owned by Johnson or a Burden. Said 5 acres being 330 feet East and West and 660 feet North and South as measured from the Southeast corner of the Northeast Quarter of said Section 14.

MKH asserts further, that the Injunction was served on Johnson's sisters, Shirley Johnson-Young and Viola Shaw and MKH recorded in the Mobile County Probate Court the Injunction (Book-6177, Page-427) and the Final Judgment (Book-6377 and Page-1418). (Doc. 266 at 4). MKH contends that, as detailed in the declaration of Title Examiner Charles H. Grey (Doc. 266-3), once the Injunction and Final Judgment were recorded, title to Parcel B was clear.

On or around January 7, 2008, Johnson filed a document titled "Quite [sic] Claim Deed (Survivor-Ship)" in the records of the Mobile County Probate Court, Book-6315, Page-910.

On May 6, 2008, after determining that the *Quite* [sic] *Claim Deed (Survivor-Ship)* clouded its title, MKH filed a motion, asking the court to reinstate the case for the limited purpose of conducting civil contempt proceedings against Johnson. (Doc. 239). The motion was granted and Johnson was ordered to show cause as to why he should not be held in contempt. (Doc. 240).

On May 20, 2008, Johnson filed a written response admitting that he recorded the *Quite* [sic] *Claim Deed (Survivor-Ship)* " in the Mobile County Probate Court. (Doc. 241).

After additional briefing, on January 26, 2009, The Court held a show cause hearing to determine whether Johnson should be held in civil contempt for violating the Injunction. At the hearing, counsel reported that the matter had been settled and that Johnson would execute a Quitclaim Deed to Parcel B and refrain from making any further claim to Parcel B, and that MKH would not execute on the Final Judgment unless Johnson violated the settlement agreement. On January 28, 2009, the Court dismissed the action subject to the right of any party to reinstate within 20 days should the settlement agreement not be consummated. (Doc. 258). Johnson subsequently refused to execute the settlement agreement or Quitclaim Deed. As such, on February 16, 2009, MKH filed a second motion to reinstate and to reschedule the show cause hearing. (Doc. 259). The Court granted MKH's motion and set the hearing for March 24, 2009. (Doc. 261). Shortly before the hearing, Johnson executed the Quitclaim Deed, and MKH recorded the Quitclaim Deed on March 24, 2009 in the records of the Mobile County Probate Court (Book-6509, Page-966). According to MKH, at that time, the title to Parcel B was clear. (Doc. 266-3).

MKH asserts that on May 22, 2009, Johnson or his niece Jamiale Johnson, acting as his agent or on his behalf, filed an Affidavit of Forgery in the records of the Mobile County Probate Court (Book-6556, Page-1598).[1] (Doc. 266-2). MKH contends that "[t]he 2009 Affidavit of Forgery is almost identical in type font, spacing, lay-out and wording (including grammatical errors and misspellings) to the 2001 Affidavit of Forgery that was judicially determined to have been filed by

---

[1] However, according to the notary stamp, the Affidavit was signed and notarized on June 26, 2009, and moreover, per the Probate Court stamp, the affidavit was not actually filed until July 16, 2009 (Doc. 266-2 at 1-2).

3

Reginald Johnson and to constitute slander of title of Parcel B." (Doc. 266 at 6). According to Title Examiner Grey, this 2009 Affidavit clouds the title to Parcel B. (Id. and Doc. 266-3). MKH asserts that the "filing/recording of the 2009 Affidavit of Forgery by Reginald Johnson or someone acting as his agent or on his behalf directly violates the terms of this court's Injunction and was an intentional and knowing act constituting civil and criminal contempt of this court." (Doc. 266 at 6).

For the foregoing reasons, MKH requests that this Court reinstate this action, issue orders directing Johnson to show cause why he should not be held in contempt and refer this matter to the United States Attorney for prosecution of criminal contempt.

Upon consideration of the foregoing, it is **ORDERED** that MKH's motion (Doc. 266) is **GRANTED in part** as follows:

   1) It is **ORDERED** that this action is hereby **REINSTATED** for the purpose of determining whether plaintiff/counterclaim-defendant Reginald Johnson should be held in contempt for violating this Court's Memorandum Opinion and Order Granting Permanent Injunction;

   2) It is **ORDERED** that Reginald Johnson must **FILE A WRITTEN RESPONSE** and **SHOW CAUSE** on or before **May 12, 2010,** as to why he should not be held in contempt for violating the Court's Memorandum Opinion and Order Granting Permanent Injunction;

   3) It is further **ORDERED** that this matter is set for a **HEARING** on **June 4, 2010 at 1:00 p.m.** in Courtroom 5-A of the United States District Court, 113 St. Joseph St., Mobile, Alabama, 36602. **Reginald Johnson is ORDERED to appear at the hearing.** Reginald Johnson is *strongly cautioned* that the failure to appear as ordered will be considered civil contempt and the Court will issue a warrant to enable the U.S. Marshals Service to assist in Johnson's attendance at this hearing;

   4) The **CLERK** is **DIRECTED** to, in coordination with the U.S. Marshals Service (via personal service by the U.S. Marshal's Service), issue a subpoena to Jamiale Johnson, c/o Alabama Orthopaedic Clinic, P.C., 3610 Springhill Memorial Drive North, Mobile, Alabama, 36608, to secure her appearance at the June 4, 2010 hearing and ensure that the subpoena is properly served; and

4

**5)** In addition to the notification that will be sent to Reginald Johnson's counsel of record through the Court's CM/ECF System, the **CLERK** is also **DIRECTED** to send Reginald Johnson, at the last address provided to the Court, a copy of this Order, via certified mail, return receipt requested.

**DONE** and **ORDERED** this the **14th** day of **April 2010.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**